UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

PETER J. ONEZINE                        CIVIL ACTION NO. 6:14-cv-2692

VS.                                     SECTION P

                                        JUDGE DONALD E. WALTER

WARDEN, LAFAYETTE PARISH
CORRECTIONAL CENTER                     MAGISTRATE JUDGE PATRICK J. HANNA

REPORT AND RECOMMENDATION

*Pro se* petitioner Peter J. Onezine, proceeding *in forma pauperis*, filed the instant petition

for writ of habeas corpus pursuant to 28 U.S.C. §2241 on September 9, 2014. Petitioner is a pre-

trial detainee in the custody of the Lafayette Parish Sheriff; he is awaiting trial in the Fifteenth

Judicial District Court on charges of felony possession of marijuana. He seeks his immediate

release from custody and the expungement of his arrest on the grounds of actual innocence. This

matter has been referred to the undersigned for review, report, and recommendation in

accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the

following reasons it is recommended that the petition be **DISMISSED WITHOUT**

**PREJUDICE.**

*Background*

Petitioner was arrested and booked into the Lafayette Parish Correctional Center on July

20, 2014 on felony grade charges of possession of marijuana. On September 9, 2014 he filed a

hand-written pleading requesting his immediate release from custody and the dismissal of the

pending charges on the grounds that he is innocent and wants to be released.

### *Law and Analysis*

Petitioner is a pre-trial detainee who is challenging pending Louisiana state court criminal prosecutions.  Thus, this petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted.  *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998);  *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) ("Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'");  and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. s 2254(a), which requires that custody be 'pursuant to the judgment of a state court.'")

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established.  A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983).  The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process."  *Dickerson*, 816 F.2d at 225;  *Picard v. Connor*,

2

404 U.S. 270, 275, 92 S.Ct. 509 (1971);  *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997)*.*  In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims.  *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.

With regard to  *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his  claims in federal court.  However, the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303,  n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Petitioner has not exhausted available State court remedies.  Nevertheless, even if he had fully exhausted his available State court remedies, federal intervention into this pending prosecution is foreclosed by the jurisprudence. A federal court should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings.  *Dickerson,* 816 F.2d at 225, citing *Braden,* 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28.  This jurisprudential requirement has been imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."  *Braden,* 410 U.S. at 493,

93 S.Ct. at 1129; *Dickerson,* 816 F.2d at 225-226.

The nature of the remedy sought provides a further distinction.  The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes"  from one who seeks only to enforce the state's obligation to bring him promptly to trial.  *Dickerson*, 816 F.2d at 225.  In *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976),  the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal *habeas corpus*, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976).

Here, petitioner prays for his immediate release and the dismissal of the pending charges claiming that he is actually innocent; these are issues which must be initially resolved by Louisiana's criminal justice system.

Therefore,

**IT IS RECOMMENDED** that this *habeas corpus* petition arising  pursuant to 28 U.S.C. §2241 be **DISMISSED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, Lafayette, Louisiana October 29, 2014.

PATRICK J. HANNA
**UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE:   10/29/2014
BY:            EFA
TO:           DEW
                    bj